**VERMONT STATE COLLEGES FACULTY FEDERATION, AFT LOCAL 3180, AFT, AFL–CIO v. VERMONT STATE COLLEGES**

[616 A.2d 221]

No. 91-293

July 27, 1992. The Vermont State Colleges (VSC) appeal a decision of the Vermont Labor Relations Board approving a bargaining unit of adjunct faculty members employed by VSC. We agree with the Board's conclusion that the bargaining unit is appropriate under the State Employees Labor Relations Act (SELRA), 3 V.S.A. §§ 901–1007, and affirm.

The Vermont State Colleges Faculty Federation, Local 3180, AFT, AFL–CIO (Federation) filed a Petition for Election of Collective Bargaining Representative with the Board seeking an election among the adjunct faculty employed by VSC. The Board granted the petition, and the adjunct faculty voted to be represented by the Federation. The Federation currently represents the full-time faculty of VSC and sought to represent the adjunct faculty in a separate bargaining unit.* VSC,

---

* The proposed unit included adjunct faculty who have taught or are teaching in the current academic year and who meet the following criteria as established by the Board: "1) employed for at least 3 semesters or who are currently in their third teaching semester; 2) teach at least 6 credit hours per academic year; 3) notwithstanding the first two requirements,

adjuncts who have not taught during one academic year, provided they otherwise regularly teach at least 6 credit hours per academic year and have been employed for at least 3 semesters or are currently in their third teaching semester; and 4) are not otherwise employed by VSC in a full-time position as a manager or administrator."

relying on our holding in *Vermont State Colleges Faculty Federation v. Vermont State Colleges*, 152 Vt. 343, 351, 566 A.2d 955, 959 (1989) (the interests of the full-time faculty and the adjunct faculty are so divergent that the two groups could not be represented in the same bargaining unit), objected to the proposed unit complaining that the Federation could not represent both full-time and adjunct faculty because of a potential conflict of interest that would jeopardize the bargaining process. In the alternative, VSC objected to the inclusion of those adjunct faculty members who were not employed at the time of the vote. The Board concluded that no meaningful potential for a conflict of interest existed and approved the unit.

Before addressing VSC's arguments, we note that the Board's conclusions are entitled to great deference. *Id.* at 350, 566 A.2d at 959 (unit determinations are within the expertise of the Board and are presumed to be correct, valid and reasonable, with a clear and convincing showing required to overcome the presumption of validity). Additionally, a bargaining unit approved by the Board "need not be the *most* appropriate unit, only *an* appropriate unit." *Id.* (emphasis in original). VSC has failed to make the requisite showing in the instant case.

The principle that employees have the right to freely choose their bargaining representative is firmly rooted in labor law and is recognized in Vermont under SELRA. 3 V.S.A. § 903(a) ("Employees shall have the right . . . to bargain collectively through representatives of their own choice . . . ."). The exceptions to this general rule are narrow and infrequently invoked. See *General Electric Co. v. NLRB*, 412 F.2d 512, 517 (2d Cir. 1969). While a conflict of interest that makes "good-faith bargaining impractical" may disqualify a bargaining representative,

the employer has the burden of showing a "clear and present danger" to the collective bargaining process. *Id.* VSC contends that such a conflict of interest exists between the full-time faculty and the adjunct faculty because the two groups will present conflicting demands during contract negotiations, and the Federation will not be capable of representing both groups in good faith. VSC also argues that the positions of some full-time faculty members as Federation officers will frustrate the processing of adjunct grievances. We find that such concerns have been adequately addressed by placing the adjuncts and the full-time faculty in separate bargaining units.

The Board held that the potential for conflicts of interest between the two groups "does not exist in any meaningful way," and this conclusion is supported by federal case law. The conflicts asserted here do not rise to the level of conflicts that have disqualified bargaining representatives. See *Medical Foundation of Bellaire*, 193 N.L.R.B. 62, 64 (1971) (union cannot represent employees of an employer that receives income from a welfare fund operated by the union); *General Teamsters Local 249*, 139 N.L.R.B. 605, 606–07 (1962) (union cannot represent the employees of a sister union within the same international or parent body); *Bausch & Lomb Optical Co.*, 108 N.L.R.B. 1555, 1562 (1954) (union cannot represent the employees of an employer with which the union is in direct competition). These cases involve conflicts between the union and the employer, not conflicts between employee units within the union as asserted here. Conflicts among union members are inevitable, and the existence of such conflicts does not disqualify a bargaining representative. *Merk v. Jewel Co.*, 848 F.2d 761, 764 (7th Cir. 1988) (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

This Court has sanctioned the representation of separate bargaining units within a single representative body, see *In re VSEA*, 143 Vt. 636, 645–46, 471 A.2d 230, 235–36 (1983), and such separation affords a measure of protection to the adjuncts in the instant case. Furthermore, in the event that adjunct faculty experience difficulty with the Federation's representation, they will not be without remedy. See 3 V.S.A. §§ 941(c)(1) (enabling employees to vote for decertification of the bargaining representative), 962(1) (representative has obligation to provide fair representation).

VSC's alternative argument is similarly unavailing. VSC objects to the inclusion of those adjunct members who were not actively teaching at the time of the vote. However, in *Vermont State Colleges Faculty Federation*, 152 Vt. at 347 n.4, 566 A.2d at 957 n.4, we approved the Board's criteria for determining which employees had a sufficient expectation of continued employment to be considered "employees" under SELRA. The Board used the same criteria to determine who could vote and who could be represented by the Federation. VSC's position, if accepted, would prevent some adjuncts, who are deemed by the Board and this Court to be employees, from voting and being represented in collective bargaining. We cannot accept this result as it is inconsistent with SELRA, which guarantees the right of all employees to be represented in collective bargaining. 3 V.S.A. § 903(a). The Board's inclusion of adjuncts who were not teaching at the time of the vote, provided that they satisfied the unit criteria, was therefore appropriate.

*Affirmed.*